UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS NOVOTNY, MARK TAYLOR,
et. al.,

          CASE NO. 05-72158

    Plaintiffs,          HON. LAWRENCE P. ZATKOFF

v.

MICHAEL CHAPMAN, et. al.,

    Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 15, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Michael Chapman's Motion to Dismiss. Plaintiff Dennis Novotny has responded. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

## II. ANALYSIS

*Pro Se* Plaintiff Dennis Novotny filed his Complaint on June 1, 2005. By his Complaint, Plaintiff alleges that federal subject matter jurisdiction is proper pursuant to U.S. Copyright law. *See* Complaint, ¶ 1. *Pro se* Defendant Michael Chapman's July 13, 2005 Motion to Dismiss challenges Plaintiff's invocation of federal subject matter jurisdiction. In addition, Defendant argues that Plaintiff's Complaint should be dismissed for lack of personal jurisdiction, improper venue, improper service, and failure to state a claim upon which relief can be granted.[1]

The Court will address Defendant's personal jurisdiction and venue arguments.

### A. The Court Lacks Personal Jurisdiction

A Motion to Dismiss under FED. R. CIV. P. 12(b)(2) asserts a "lack of jurisdiction over the person." The Sixth Circuit has explained how such a motion is to be analyzed:

> The burden of establishing jurisdiction over the persons of the defendants rests with the plaintiff. In a case such as the one before us, both state and federal law are relevant to the question whether the plaintiff has carried its burden. A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law--and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution.

*International Technologies Consultants, Inc. v. Euroglas, S.A.*, 107 F.3d 386, 391 (6th Cir. 1997) (citations omitted).

Defendant argues that he does not have sufficient "minimum contacts" with the forum state

---

[1] Defendant's Motion to Dismiss pertains to all named Defendants. In addition to individual Defendant Michael Chapman, Plaintiff's Complaint also names those businesses that Chapman is doing business as: "F-V Productions, FV Productions, Cutscuts.com, PHC, Progressive Hair Club and/or Value Video, and F-V Productions, FV Productions, Cutscuts.com, Progressive Hair Club, and/or [sic] Value Video." In disposing of Defendant's Motion, the Court disposes the Motion with respect to all named Defendants.

to satisfy the Constitutional due process requirements of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Defendant asserts that "he has never had any substantial business dealings with citizens of the state of Michigan (except for perhaps an occasional sale) that would have put him on notice that he might have a Michigan Federal court acquire jurisdiction over him." Defendant's Brief, ¶ 20. Instead, Defendant asserts that his only contact was with Plaintiff Mark Taylor of Canada, who apparently is the partner of Plaintiff Dennis Novotny of Michigan, but that he never contacted with Novotny or anyone else in Michigan. *See* Defendant's Brief, ¶¶ 4, 5.

Plaintiff's Response Brief addresses the issue of personal jurisdiction, but ultimately fails to assert that Defendant had sufficient contacts with Michigan. Plaintiff asserts that personal jurisdiction is satisfied due to the filing of "Counter Notifications" by the Plaintiffs pursuant to the Digital Millennium Copyright Act ("DMCA"). Plaintiff asserts that these Counter Notifications offer evidence of Plaintiffs' consent to proceed in Michigan. Plaintiff's consent to proceed in Michigan, however, says nothing as to whether Defendant has consented to proceed in Michigan. Accordingly, Plaintiff's reliance on these Counter Notifications is misplaced.

Plaintiff also argues that personal jurisdiction is satisfied because Defendant filed the present Motion to Dismiss in this Court. Plaintiff is incorrect. A Defendant may file a Motion to Dismiss without submitting to the jurisdiction of the Court. *See* MOORE'S FED. PRACT. § 12.31[2] ("the principal method for attacking the court's jurisdiction over the person of a defendant is a Rule 12(b)(2) motion."). In addition, because Defendant's Rule 12(b) Motion to Dismiss was the first responsive pleading filed by Defendant, Defendant did not waive his ability to challenge the Court's personal jurisdiction. *Id.* at § 12.31[3].

In conclusion, the Plaintiff has failed to assert that Defendant has any contacts with the

3

forum state. Accordingly, the Court lacks personal jurisdiction over Defendant.

**B. Venue is Improper**

In addition to finding that there is no personal jurisdiction over Defendant, the Court finds that Plaintiff filed his action in the wrong venue. Plaintiff has asserted that this Court has subject matter jurisdiction over the present action under 28 U.S.C. § 1331, due to the presence of a federal question. 28 U.S.C. § 1391(b) explains where venue is proper for cases involving federal questions:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Applying section 1391(b), the Court finds that the Eastern District of Michigan is not a proper venue for the current action. Defendant resides in North Carolina. Accordingly, venue is improper under prong (1). Prong (2) is also insufficient to establish venue because, as discussed in the previous section, Defendant has little or no contact with the Eastern District of Michigan. Lastly, prong (3) is insufficient to establish jurisdiction because Defendant is not to be found in Michigan.

For these reasons the Court finds that the Eastern District of Michigan is an improper venue for the present action.

### III. CONCLUSION

For the above reasons, the Court HEREBY GRANTS Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue.

IT IS SO ORDERED.

                                            s/Lawrence P. Zatkoff  
                                            LAWRENCE P. ZATKOFF  
                                            UNITED STATES DISTRICT JUDGE

Dated: August 15, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 15, 2005.

                                            s/Marie E. Verlinde  
                                            Case Manager  
                                            (810) 984-3290